# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DENNIS PIETA and MICHAEL BELL,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0034-WS-N |
| | ) |
| **CDE SECURITY & AUTOMATION, LLC** | ) |
| **and BRAD JOSEPH CANOVA,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiffs' First Amended Motion for Entry of Default Judgment (doc. 22).[1]

**I. Background.**

Plaintiffs, Dennis Pieta and Michael Bell, brought this action against defendants, CDE Security & Automation, LLC, and Brad Joseph Canova, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 215, as well as breach of a personal guaranty. In particular, the well-pleaded facts in the Complaint allege that Pieta and Bell worked as employees of CDE Security from approximately May 2019 to September 2020, and from approximately July 2019 to September 2020, respectively. (Doc. 1, ¶¶ 3-4.) The Complaint further alleges that while CDE Security "issued some payments to Plaintiffs during the course of their employment," such payments were "never for the proper or sufficient amounts." (*Id.*, ¶ 10.) According to the Complaint, "Defendants did not pay Plaintiffs their full compensation for work performed." (*Id.*, ¶ 12.) On that basis, plaintiffs bring a claim against CDE Security for

---

[1] Also pending are plaintiffs' Motion for Entry of Default Judgment (doc. 20) and plaintiffs' filing styled Notice of Errata in Motion for Entry of Default Judgment (doc. 21). The First Amended Motion for Entry of Default Judgment supersedes these predecessor filings; therefore, the original Motion for Entry of Default Judgment (doc. 20) and the ensuing Notice of Errata (doc. 21) (to the extent it may be deemed a motion to amend that original motion) are both **moot**.

violation of the FLSA, and specifically section 206 (minimum wage). As for defendant Canova, the Complaint alleges that Canova "is the principal member and officer of CDE," and that he executed a written guaranty in favor of Pieta and Bell personally guaranteeing CDE Security's obligations to them. (Doc. 1, ¶¶ 7, 23, 24.) Based on those allegations, plaintiffs assert a separate claim against defendant Canova for breach of the personal guaranty.

The court file reflects that both defendants were properly served with process months ago. In particular, a return of service indicates that defendant CDE Security was properly served with the Summons and Complaint via United States mail delivered to its registered agent for service of process on February 24, 2021. (Docs. 4-1, 4-2.) Likewise, a second return of service confirms that plaintiffs served the Summons and Complaint on defendant Canova when a private process server personally served those items on him at a location in Baton Rouge, Louisiana on May 1, 2021. (Doc. 13.) When neither defendant appeared or filed a responsive pleading within the time prescribed by Rule 12(a), Fed.R.Civ.P., plaintiffs moved for entry of default. (Docs. 4 & 15.) On March 9, 2021 and June 16, 2021, a Clerk's Entry of Default was entered against defendant CDE Security and defendant Canova, respectively, for failure to plead or otherwise defend within the time prescribed by the rules. (Docs. 6 & 18.) Notwithstanding entry of default against them, defendants neither appeared in this litigation nor took action to attempt to set aside the entry of default. Defendants simply did not acknowledge the summonses, the defaults or the pendency of this lawsuit at any time in any manner. When plaintiffs first moved for default judgment on June 25, 2021, they served notice of the Motion for Default Judgment on each defendant via U.S. mail addressed to his or its address where service of process was perfected. (Doc. 20.) Despite actual notice that plaintiffs are actively pursuing default proceedings, defendants have not responded to the Motion or otherwise undertaken to forestall entry of default judgment against them.

**II.      Analysis.**

   **A.      *Entry of Default Judgment is Appropriate.***

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the

judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, defendants have failed to appear or otherwise acknowledge the pendency of a lawsuit for multiple months after being served, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process. In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F.Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what defendants have done here. Despite being served with process back in February 2021 and May 2021, respectively, CDE Security and Canova have declined to appear or defend, and have thereby stopped the progress of this litigation in its tracks.

The law is clear, however, that defendants' failure to appear and the Clerk's Entry of Default do not automatically entitle Pieta and Bell to a default judgment in the requested (or any) amount. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

In light of these principles, the Court has reviewed the Complaint and is satisfied that Counts I and II set forth viable causes of action against CDE Security and Canova, respectively,

-3-

under applicable law.  Specifically, Count I alleges that CDE Security willfully failed to pay plaintiffs wages as required by the Fair Labor Standards Act.  And Count II alleges that Canova personally guaranteed CDE Security's payment obligations to plaintiffs, but then failed to make good on such guaranty commitments.  Because the Complaint's well-pleaded factual allegations are deemed admitted by virtue of defendants' default, and because such allegations are sufficient to state actionable claims, the Court finds that CDE Security is liable to plaintiffs on Count I and that Canova is liable to plaintiffs on Count II.  Thus, entry of default judgment pursuant to Rule 55 is appropriate against both defendants, given their failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which defendants have now admitted) to establish their liability to Pieta and Bell.

      B.      *Plaintiff's Damages.*

            1.      *Applicable Legal Standard.*

Notwithstanding the propriety of default judgment against defendants, it remains incumbent on Pieta and Bell to prove their damages.  "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.").  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in

default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[2]

### 2. *Damages.*

Under the FLSA, "[a]ny employer who violates the provisions of section 206 … shall be liable to the employee or employees affected in the amount of their unpaid minimum wages … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiffs have submitted evidence via affidavit that the relevant unpaid wages owed by CDE Security to Pieta total $22,314.92, and that the relevant unpaid wages owed by CDE Security to Bell total $5,000. Thus, an award of **$27,314.92** is properly entered against CDE Security and in favor of Pieta and Bell for unpaid wages pursuant to Count I. The same amount is properly entered against Canova and in favor of Pieta and Bell the personal guaranty claim found at Count II; after all, by virtue of his default, Canova has admitted that he guaranteed payment of Pieta and Bell's compensation owed by CDE Security, so those amounts owed by CDE Security for unpaid wages under the FLSA are likewise owed by Canova pursuant to the guaranty.

Of course, § 216(b) of the FLSA also includes a provision that prevailing plaintiffs under § 206 shall be awarded "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). As such, the damages award against defendant CDE Security on Count I is properly doubled from $27,314.92 to **$54,629.84** to include an equal amount of liquidated damages. However, plaintiffs have articulated no legal theory or principle under which defendant Canova's personal guaranty to pay plaintiffs their base compensation could translate into liability for Canova under

---

[2] In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required."). Pieta and Bell have not requested a hearing, but instead rely solely on declarations and exhibits that make an adequate record to show damages. In light of these authorities and circumstances, the Court will fix the amount of damages based on plaintiffs' evidentiary submission, without conducting a formal hearing.

Count II for liquidated damages due and owing to Pieta and Bell by CDE Security under the FLSA. Accordingly, the liquidated damages portion of the award will be confined to defendant CDE Security, and will not be entered as to defendant Canova.

### 3. *Attorney's Fees and Expenses.*

The FLSA specifically provides that a court in such an action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Pursuant to that provision, Pieta and Bell are entitled to recover their reasonable attorney's fees and costs from CDE Security under Count I. Once again, they have articulated no basis under which Canova could be held liable in Count II under the fee-shifting provisions of the FLSA; therefore, this portion of the award shall be limited to defendant CDE Security under Count I, and will not be extended to defendant Canova under Count II.

It is well established that "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. … The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted). Of course, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee award upward or downward." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1492 (11th Cir. 1994) (citation omitted). Plaintiffs' evidence is that their attorney expended a total of 21.2 hours on this litigation, for which counsel seeks to charge an hourly rate of $400, for a total claimed fee award of $8,480.00 (Doc. 22-5, doc. 22-6.) Although plaintiffs have adequately shown the reasonableness of the time expended under the circumstances, the same cannot be said of the requested hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). Upon review of plaintiffs' fee petition, the Court concludes that they have failed to make an adequate showing that $400/hour is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation. Review of caselaw from this district reflects a substantially lower prevailing market rate for FLSA plaintiffs' counsel.

*See, e.g., Nail v. Shipp*, 2020 WL 1670459, *3 (S.D. Ala. Apr. 3, 2020) ("In FLSA cases, the undersigned has found $250/hour to be a reasonable hourly rate for an attorney with 19 years and with 28 years of experience"); *Clark v. Northview Health Services, LLC*, 2013 WL 3930095, *1-2 (S.D. Ala. July 30, 2013) (awarding $250 hourly rate to experienced FLSA plaintiff's counsel). Plaintiffs have not made a sufficient evidentiary showing to warrant an hourly rate higher than $250 for the specific circumstances present here. Nor have plaintiffs made any argument that might warrant diverging from the lodestar calculation in this case. As such, the Court will award plaintiffs reasonable attorney's fees of **$5,300.00** (21.2 hours x $250/hour).

Plaintiffs have also shown that they incurred costs of $402 for the filing fee, $295 in service of process fees, and $18 for copying fees. (Doc. 22-6.) As plaintiffs correctly point out, those costs are recoverable under § 216(b). Therefore, plaintiffs will be awarded their full costs of **$715.00**.

### III. Conclusion.

For all of the foregoing reasons, plaintiff's First Amended Motion for Entry of Default Judgment (doc. 22) is **granted**. Default judgment will be entered in favor of Dennis Pieta and Michael Bell and against defendant CDE Security & Automation, LLC in the total amount of **$60,644.84**, consisting of $27,314.92 in unpaid wages, an equal amount of $27,314.92 in liquidated damages, $5,300.00 in reasonable attorney's fees, and $715.00 in costs. Default judgment will also be entered in favor Pieta and Bell and against defendant Brad Joseph Canova in the total amount of **$27,314.92**. The entire amount of the default judgment entered against Canova is **joint and several** with the judgment entered against CDE Security.[3]

DONE and ORDERED this 15th day of July, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs also request that the judgment provide for additional fees to be assessed, as incurred in future collection efforts, upon motion by plaintiffs. (Doc. 22, at 3.) However, plaintiffs have provided neither argument nor authority in support of the proposition that the fee-shifting provision found at 29 U.S.C. § 216(b) extends to post-judgment collection costs. In the absence of any legal showing that such collection costs are properly recoverable under the FLSA, the Court declines to provide for assessment of same.